UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CLARA KITTRELL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF MILWAUKEE, <br><br> Defendant. | Case No. 11-CV-941-JPS <br><br><br> ORDER |

On October 7, 2011, *pro se* plaintiff Clara Kittrell ("Kittrell") filed a complaint against her former employer, the City of Milwaukee (the "City"), alleging that she was subjected to harassment in retaliation for filing with the Equal Employment Opportunity Commission ("EEOC") an earlier charge of discrimination against the City. (Docket #1). It appears that Kittrell has sued the City under Title VII of the Civil Rights Act of 1964, 78 Stat. 253, 42 U.S.C. § 2000e *et seq.* as she has submitted a right-to-sue letter from the EEOC along with her complaint.[1] Accompanying Kittrell's complaint is a motion for leave to proceed *in forma pauperis*. (Docket #2).

Before the court can allow the plaintiff to proceed *in forma pauperis*, the court is obligated to determine that the plaintiff is unable to pay the $350.00 filing fee and that her case: (1) is not frivolous or malicious; (2) does not fail to state a claim upon which relief may be granted; and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[1] Kittrell's complaint also alludes to several potential tort claims, including defamation and invasion of privacy. As these claims appear to be underdeveloped, the court focuses its screening order solely on Kittrell's Title VII claim.

Congress' intent in enacting the federal *in forma pauperis* statute was "to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because…poverty makes it impossible…to pay or secure the costs" of litigation. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). "At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In response to this concern, Congress provided courts with the authority to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. 28 U.S.C. § 1915(e). Moreover, a complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

1. Title VII Retaliation Claim

Title VII of the Civil Rights Act of 1964 forbids employment discrimination based on "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e–2(a), and its antiretaliation provision forbids discrimination against an employee or job applicant who has "made a charge, testified,

Page 2 of 5

Case 2:11-cv-00941-JPS   Filed 10/25/11   Page 2 of 5   Document 6

assisted, or participated in" a Title VII proceeding or investigation, § 2000e–3(a). It appears that Kittrell brings her claim under this latter provision, though she does not elaborate on the substance of her earlier charge of discrimination under §2000e-2(a). To prevail on a Title VII retaliation claim, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, "which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Accepting that Kittrell did indeed file a charge of discrimination with the EEOC, her allegations of retaliation are plausible, albeit slightly unusual. For instance, Kittrell alleges that in retaliation for her filing a charge of discrimination with the EEOC and in an effort to force her resignation, her employer told coworkers and the police – no less – that she was flushing paper towels down the toilet, leading to an overflowing of toilets in the building. (Compl. at 3). Kittrell also asserts that the defendant encouraged coworkers to post "very brutal signs geared at embarrassing me" including one with a picture of a "big, black bull that referred to [Kittrell] as a 'Poopatraitor.'" (*Id.*). Additionally, Kittrell alleges that the defendant had her questioned at work regarding the toilet overflowing incident, which humiliated her and caused her to resign from her position. (*Id.* at 4). Viewing her allegations in a light most favorable to Kittrell and resolving all doubts in her favor, it appears that Kittrell has stated a claim upon which relief may be granted. Moreover, the court does not find that her claims are frivolous or malicious.

Page 3 of 5
Case 2:11-cv-00941-JPS   Filed 10/25/11   Page 3 of 5   Document 6

2. Indigence

Next, the court also finds that based upon her IFP form – an affidavit in which she declares her assets and income under penalty of perjury – the plaintiff is unable to pay the costs of commencing this action. While she does possess a car valued at $5,075 and has $624.00 in a savings or checking account, Kittrell's monthly expenses outstrip her income. As such, it does not appear that Kittrell has the ability to pay the $350 filing fee "and still be able to provide [her]self . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Accordingly, the court will grant Kittrell's motion for leave to proceed *in forma pauperis*.

3. Motion to Appoint Counsel

Kittrell has also filed a motion to appoint counsel. (Docket #4). Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Lutrrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to litigate the case herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Hass*, 990 F.2d 319, 322 (7th Cir. 1993)). Here, Kittrell has not demonstrated that she has attempted to secure private counsel. Consequently, the court is obliged to deny her motion to appoint counsel.

4. Motion for Jury Trial

Moreover, Kittrell has filed a "motion requesting trial by jury." (Docket #3). The court will deny this motion because it is premature at this stage of the proceedings. However, the court notes that Kittrell's complaint requests a trial by jury and, therefore, she has not waived such a right.

Accordingly,

IT IS ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that plaintiff's motion requesting trial by jury (Docket #3) be and the same is hereby DENIED without prejudice;

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Docket #4) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that the United States Marshal shall serve a copy of the summons and complaint upon defendant City of Milwaukee pursuant to Fed. R. Civ. P. 4(c)(3). The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Dated at Milwaukee, Wisconsin, this 25th day of October, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge